IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DELBERT WHITE**                                                                            **PLAINTIFF**

**VS**                                            **CIVIL ACTION NO. 1:09-CV-255-B-S**

**SHERIFF WILLIAM LEE AND STAN
MURPHY, IN THEIR INDIVIDUAL CAPACITIES;
AND THE ATTALA COUNTY SHERIFF'S DEPARTMENT**        **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the court on defendants' motion to dismiss plaintiff's state law claims (#12). The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

### I. Facts

On January 4, 2008, Delbert White was exposed to vapors from household chemicals after another inmate, John Bently, attempted to unclog a drain at the Attala County Jail. These vapors caused White to gag and have trouble breathing. Defendant Murphy attempted to free the inmates before handing the keys to a prison trustee wearing an oxygen mask who released the prisoners. After approximately thirty minutes, White and other inmates were escorted into the jail yard. Fifteen minutes later they were taken to a local hospital for examination and treatment. Neither Sheriff Lee nor Jailor Murphy accompanied the inmates to the hospital.

### II. Discussion

White's suit alleges claims against all three defendants pursuant to 42 U.S.C. § 1983. Additionally, White appears to assert a claim under state law as well, specifically stating that this court has "supplemental jurisdiction over the plaintiff's state law claim." Any state law claims

in this matter are governed exclusively by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq; *City of Tupelo v. Martin*, 747 So.2d 822, 826 (Miss. 1999).

Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous procedural requirements, limitations and exceptions. Miss. Code Ann. § 11-46-5; 11-46-9; 11-46-11. As explained below, plaintiff's state law claims against all three defendants are wholly barred by the MTCA and must be dismissed under several provisions of the MTCA. Additionally, under the MTCA, neither Lee nor Murphy may be sued in their individual capacities and the Attala County Sheriff's Department is not an entity capable of being sued.

### A. All Defendants

### Notice of Claim

The MTCA contains a number of procedural requirements with which a claimant must comply. The "Notice of Claim" provision found in Section 11-46-11 of the MTCA provides that

> [a]ny person having a claim for injury arising under the provisions of this chapter against a governmental entity. . .shall proceed as you might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11.

The Mississippi Supreme Court has explained that Section 11-46-11(1) "imposes a condition precedent to the right to maintain an action." *Carr v. Town of Shubuta*, 733 So. 2d 261, 265 (Miss. 1999).

The method of filing the notice as well as the substance of the notice itself are specified by statute. More specifically, Section 11-46-11(2) provides:

> Every notice of claim…shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of facts upon which the claim is based, including the circumstances which brought about the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2).

White failed to provide any notice of claim as required under the MTCA, which alone is grounds for dismissal of any and all state law claims.

### Statute of Limitations

The MTCA carries a one year statute of limitations. Section 11-46-11(3) of the MTCA provides that all actions "shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after." Subsection 3 continues that "filing a notice of claim as required by subsection (1)…shall serve to toll the statute of limitations…for one hundred twenty days from the date the chief executive officer…receives the notice of claim" and following the tolling period, the claimant "shall then have an additional ninety days to file." Put simply, a claimant has three hundred sixty-five days from the date of the alleged wrongful conduct in which to properly file a Notice of Claim. Following the proper filing of a Notice of Claim, the claimant is allowed an additional two hundred ten days in which to file suit.

In order to file suit properly under the MTCA the plaintiff was required to file a notice of claim within one year of the alleged tortious conduct. The plaintiff contends that he was denied adequate medical care from January 4, 2008 to March 10, 2008. Thus, to bring suit properly

under the MTCA, the plaintiff must have filed a notice of claim by, at the latest, March 10, 2009. As White has not filed a Notice of Claim no tolling took place .

**Inmate Exception**

Finally, plaintiff's claims under state law must all be dismissed as they fall squarely within one of the numerous exceptions from liability outlined in the MTCA—Miss. Code Ann. § 11-46-9(1)(m). Section 11-46-9(1)(m) provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duty shall not be liable for any claims:
>
> (m) of any claimant who at the time the claim arises is an inmate of any detention center, jail, work house, penal farm, penitentiary or other such institution regardless of whether such claimant is or is not an inmate of any detention center, jail, work house, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m).

The Mississippi Supreme Court has applied Section 11-46-9(1)(m) (commonly referred to as the "inmate exception") on a number of occasions and in each instance has upheld its constitutionally. *Wallace v. Town of Raleigh*, 815 So.2d 1203 (Miss. 2002). Additionally, the fact that an inmate is a pre-trial detainee makes no difference in the application of the inmate exception. In *Liggans v. Coahoma Co. Sheriff's Dept.*, the court granted Coahoma County's Motion to Dismiss based on the inmate exception and found the same applied despite the fact the plaintiff had not yet been convicted. *Liggans v. Coahoma Co. Sheriff's Dept.*, 823 So.2d 1152 (Miss. 2002); *Love v. Sunflower County Sheriff's Department*, 860 So.2d 797 at 801 (Miss. 2003) (there is no distinction between persons "convicted" and those that are not "convicted" in the application of Section 11-46-9(1)(m)); *Harvison v. Greene Co. Sheriff's Dept.*, 899 So.2d 922 (Miss. Ct. App. 2005)(upholding trial judge's grant of Rule 12(b)(6) motion based on Miss.

Code Ann. § 11-46-9(1)(m)).

It is undisputed that the plaintiff was at all relevant times an inmate of the Attala County Jail. Based upon a plain reading of Miss. Code Ann. § 11-46-9(1)(m) and the court's interpretation, it is clear that plaintiff's state law claim against the moving defendants is wholly barred by the inmate exception delineated in Section 11-46-9(1)(m) of the MTCA and, therefore, must be dismissed.

### B. Sheriff Lee and Stan Murphy Individually

White asserts claims against both Sheriff Lee and Stan Murphy in their "individual capacities;" however, such claims are not allowable under the MTCA. Section 11-46-7(2) of the MTCA provides that an individual may be joined in a "representative capacity;" however, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. §11-46-7(2).

All of White's allegations as to Lee and Murphy involve their actions as law enforcement officials for Attala County which fall within the course and scope of their employment. As such, neither defendant can have personal liability for any state law claim.

### C. Attala County Sheriff's Department

The Sheriff's Department is not an entity amenable to suit as it is merely an arm of the proper party defendant, Attala County, Mississippi, who has appeared and is defending this matter. *Brown v. Thompson*, 927 So.2d 733 (Miss. 2006)(holding Sheriff's Departments are not political subdivisions amenable to suit). The Sheriff's Department must be dismissed from this matter as it is not an entity capable of being sued.

Accordingly, for the foregoing reasons, it is recommended that Defendants' motion to

dismiss state law claims (#12) be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report in a timely manner will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this 30th day of July, 2010.

/s/David A. Sanders
U.S. Magistrate Judge