IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DELBERT WHITE                                                                                    PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 1:09CV255-B-S

SHERIFF WILLIAM LEE AND STAN
MURPHY, IN THEIR INDIVIDUAL CAPACITIES;
AND THE ATTALA COUNTY SHERIFF'S
DEPARTMENT                                                                                      DEFENDANTS

ORDER

This matter is before the court on the motion of the plaintiff for leave to supplement the pleadings (#36). The plaintiff is seeking to amend the complaint to add a claim stemming from an incident that occurred in 1997 involving improper medication, completely unrelated to any pending claims alleged in the initial complaint. The deadline to amend the complaint expired on August 23, 2010. Additionally, a report and recommendation dismissing Plaintiff's state law claims is currently pending before the district judge.

Rule 16(b) governs amendment of the pleadings after a scheduling order deadline has expired. *See S & W Enterprises, L.L.C. v. SouthTrust Bank Of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b). To determine whether good cause exists, the court looks to: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See Southwest Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Only upon the movant's demonstration of good

cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply. In that instance, "rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires,'" *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981), and, therefore, leave to amend should not be denied without a substantial reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, the plaintiff has not provided good cause to show why he waited until after the amendment deadline to raise the allegations contained in the motion to supplement the record. Additionally, the proposed amendments are wholly unrelated to the pending case and motion to dismiss. However, the defendants, who have already deposed the plaintiff, and have filed fully briefed motions to dismiss, would be greatly prejudiced if the court were to allow this amendment. Accordingly, because the plaintiff has provided no explanation for failing to raise the proposed amendment before now, and because to allow an entirely new claim at this point in litigation would unduly prejudice the defendant, the court finds the plaintiff's motion to supplement the pleadings is not well-taken.

IT IS, THEREFORE, ORDERED that the plaintiff's motion for leave to supplement the pleadings (# 36) is hereby DENIED.

SO ORDERED, this the 21st day of September, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE